**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TIMOTHY AGUILAR<br>        Plaintiff,<br><br>        v.<br><br>NETWORK INSURANCE SENIOR HEALTH<br>DIVISION ALG, LLC, ONVOY LLC,<br>BANDWIDTH.INC PEERLESS NETWORK,<br>INC & ROBERT KENYON,<br>BERKEN MEDIA LLC,  MUTUAL OF OMAHA,<br>DOE TELEMARKETING COMPANIES, JOHN<br>& JANE DOE'S 1-1120 *et al.,*<br>        Defendants. | CIVIL ACTION NO. 4:23-cv-3988 |

**PLAINTIFF'S MOTION TO COMPEL SUBPOENA RESPONSES,**
**FOR ATTORNEYS' FEES, AND TO HOLD**
**THIRD PARTY TELCAST NETWORKS, LLC IN CONTEMPT**

Pursuant to the Federal Rules of Civil Procedure 37 and 45, Plaintiff respectfully moves the Court:

(1) For an ORDER pursuant to Fed. R. Civ. P. 37(a)(3)(b), compelling a fulsome production of the documents requested by subpoena to third party respondent Telcast Networks:

(2) For an ORDER pursuant to Fed. R. Civ. P. 45(g), holding Telcast in contempt for failing without excuse to fully respond to Plaintiff's subpoena after having been served with it; and

(3) For an ORDER pursuant to Fed. R. Civ. P. 37(a)(5)(A), requiring Telcast to pay Plaintiff's reasonable expenses including attorney's fees, for bringing this motion.

1

**INTRODUCTION**

This action arises from various Defendants' violations of the Telephone Consumer Protection Act by, *inter alia,* conducting telemarketing via unsolicited text message and telephone calls to Plaintiff, whose number is registered on both the Federal and Texas Do-Not-Call lists.

Unsurprisingly, persons conducting illegal telemarketing are reluctant to identify themselves or provide an address for service of process. Thus, Plaintiff – by necessity – is forced to request information identifying the persons doing the calling (or texting, as the case may be) from third party telecommunications providers.

Typically, Plaintiff serves a *subpoena* on the third-party telecommunication provider and asks for any identifying information concerning particular calls or calling numbers at particular times. And also typically, respondent telecommunications providers usually respond with either identifying information allowing the Defendants to be served, or with complete information identifying another upstream telecommunications provider with the direct relationship with the Defendant, from whom Plaintiff may request the identity of the Defendant.

Plaintiff has served over seventy subpoenas on third parties seeking the identities of the various Defendants in this matter. Many respondents have cooperated and provided information. However, Telcast Networks, LLC ("Telcast") provided a single response that provided confusing and incomplete information and then ignored Plaintiff's follow-up message seeking to meet and confer, forcing Plaintiff to request the intervention of this Court.

## ARGUMENT

On July 19, 2024, Plaintiff prepared and served a document subpoena to Telcast requesting the following information:

**Document Request(s) Pursuant to Fed. R. Civ. P. 45(a)(1)(C)**

1. For each Calling Number identified by Peerless as belonging to You (Peerless's response is attached hereto) documents sufficient to show all information in Your possession, custody, or control concerning any calls or text messages from that Calling Number to Plaintiff's Telephone Number, including if available:

   a. Information concerning the identity of the caller or texter or any other person associated with the Calling Number,

   b. Information concerning the identity of any other carrier(s), network service provider(s), or other entity(ies) having any connection to the Calling Number, and

   c. All contact information including but not limited to names, addresses, billing addresses, email addresses, telephone numbers, IP addresses, or other identifying information for the person(s) or entity(ies) identified in response to (a) or (b) above.

Plaintiff included a copy of Peerless' response identifying Telcast as the owner of certain of the numbers. The subpoena, document request, and email serving the subpoena to Telcast is attached as Exhibit A.

Fed. R. Civ. P. 37(a)(1) provides that a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv) specifically provides for a motion compelling the production of documents, and Fed. R. Civ. P. 34(c) provides that non-parties may be compelled to produce documents, the same as parties.

3

As discussed above, Telcast was properly served with a subpoena that commanded the production of documents identifying certain of Telcast's end users. Instead of providing a fulsome response, Telcast identified a single entity for a telephone number for which no information was actually sought and then ignored all follow up attempts to obtain clarifying information. Plaintiff's document requests in its subpoena are reasonable and will not impose undue burden or expense. Thus, Plaintiff respectfully requests that this Court ORDER Telcast to immediately produce documents responding to Plaintiff's subpoena.

Fed. R. Civ. P. 45(g) provides that "The court … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena…" Telcast has not objected to the subpoenas pursuant to Fed. R. Civ. P. 45(d)(2)(B) (or any other rule) nor claimed privilege or protection, or that the materials were inaccessible, pursuant to Fed. R. Civ. P. 45(e). Neither respondent moved to quash the subpoena. Neither respondent met and conferred with Plaintiff as requested by Plaintiff's telephone calls and emails, or even responded. In short, these respondents have provided no excuse whatsoever for failing to obey the subpoena. Thus, Plaintiff respectfully requests that this Court hold Telcast in contempt for failing to obey the subpoena.

Lastly, Fed. R. Civ. P. 37(a)(5)(A) provides that "[i]f the motion is granted – or if the disclosure or discovery requested is provided after the motion is filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." As discussed above, Telcast provided no excuse whatsoever for failing to fully comply with the subpoena. Even if it were to object to this motion on the basis of some (untimely) objection to the subpoena, nonetheless Plaintiff's and the Court's time and resources have been wasted due to Telcast's refusal to meet and confer. Thus,

Plaintiff respectfully requests that this Court order Telcast to pay Plaintiff's reasonable attorney's fees, in the amount of three thousand dollars ($3,000) because its conduct – specifically refusing to meet and confer – necessitated the motion.

A proposed order granting Plaintiff's requested relief is attached.

February 27, 2025                              Respectfully Submitted,

                                              *Keana T. Taylor*
                                              Keana T. Taylor
                                              Texas State Bar No: 24042013
                                              keana@taylordykema.com
                                              Erik Dykema
                                              New Jersey State Bar No: 021652010
                                              erik@taylordykema.com

                                              **Taylor Dykema PLLC**
                                              914 E. 25th St.
                                              Houston, Texas 77009
                                              Telephone: 713-299-6404


## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to engage in a meet and confer with Telcast through telephone and email. As described herein, Telcast did not return telephone calls or emails and I was unable to reach anyone.

                                              *Keana T. Taylor*
                                              Keana T. Taylor


## CERTIFICATE OF SERVICE

I hereby certify that today, February 27, 2025, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system.  Additionally, on that date, I served this motion on Telcast via email at legal@telcastnetworks.com.

                                              *Keana T. Taylor*
                                              Keana T. Taylor

TIMOTHY AGUILAR v. NETWORK INS. SENIOR HEALTH DIV. ET AL.
CIVIL ACTION No. 4:23-cv-3988